**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Societe Civile Succession Richard Guino,)

              Plaintiff,

vs.

International Foundation for Anticancer)
Drug Discovery, and Arizona corporation;)
Deborah Lindquist; Marcia Karen Horn,  )

              Defendants.

No. CV 06-01540-PHX-NVW

**ORDER**

Pending before the court are Plaintiff's Amended Complaint (Doc. # 12), Defendants' Motion to Dismiss (Doc. # 13), Plaintiff's Response (Doc. # 15), Defendants' Reply (Doc. # 16), Plaintiff's Motion for Rehearing and Consideration of Supplemental Memorandum of Points and Authorities (Doc. # 24), and Defendants' Opposition to Plaintiff's Motion for Rehearing and Response to Questions Raised During Oral Argument (Doc. # 28).

**I.     Background**

Plaintiff Societe Civile Succession Richard Guino ("Societe") is a French trust formed to preserve the rights of the Guino family in a set of bronze sculptures created in the early 1900s by Richard Guino and Pierre-Auguste Renoir.  Defendants are the International Foundation for Anticancer Drug Discovery ("International Foundation"), an Arizona corporation; Marcia Karen Horn ("Horn"), an Arizona resident and the President and Chief

1  Executive Officer of International Foundation; and Arizona resident Deborah Lindquist
2  ("Lindquist").

3       In October 2003, International Foundation held a "Jewels of the Sea" ball to raise
4  money for its anti-cancer programs.  International Foundation permitted Beseder, Inc., a local
5  art gallery, to display and sell several replicas of the Guino-Renoir sculptures at the event.
6  Lindquist, who was in attendance, purchased a replica of a work entitled "La Laveuse."

7       Plaintiff alleges that it obtained a valid copyright for "La Laveuse" on June 11, 1984,
8  and holds the exclusive right to control the production of replicas.  On this basis, it argues
9  that International Foundation's unauthorized display and sale of the work in 2003 constitutes
10  both contributory and vicarious copyright infringement under the Copyright Act.  Plaintiff
11  further alleges vicarious infringement against Defendant Horn on the theory that she had the
12  right and ability to supervise International Foundation's sale of "La Laveuse" and received
13  direct financial benefit from that transaction (Count II).  Plaintiff seeks as remedies actual
14  damages, lost profits, statutory damages, attorneys' fees, and the impoundment of the
15  infringing sculpture (Count III).    Defendants move to dismiss under Federal Rule of Civil
16  Procedure 12(b)(1), arguing that the court lacks subject matter jurisdiction under 17 U.S.C.
17  § 411.  Defendants also move to dismiss under Federal Rule of Civil Procedure 12(b)(6) for
18  failure to state a claim.  This order will address the Motion under Rule 12(b)(1), and under
19  Rule 12(b)(6) on Counts I and II.  Count III will be addressed in a separate order.

20  **II.    Standard of Review**

21       Federal Rule of Civil Procedure 12(b)(1) authorizes a party to seek dismissal of an
22  action for lack of subject matter jurisdiction.  "When subject matter jurisdiction is challenged
23  under Federal Rule of Civil Procedure 12(b)(1), the plaintiff has the burden of proving
24  jurisdiction in order to survive the motion."  *Tosco Corp. v. Communities for a Better Env't*,
25  236 F.3d 495, 499 (9th Cir. 2001) (citations omitted).  "A plaintiff suing in a federal court
26  must show in his pleading, affirmatively and distinctly, the existence of whatever is essential
27  to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its
28  attention or on discovering the same, must dismiss the case, unless the defect can be

1   corrected by amendment." *Id.* (citations and internal quotations omitted).  The court is not

2   limited to the pleadings and may properly consider extrinsic evidence.  *Ass'n of Med.*

3   *Colleges v. United States*, 217 F.3d 770, 778 (9th Cir. 2000).

4   Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should not be

5   granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support

6   of his claims which would entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th

7   Cir. 1994) (citations and internal quotation marks omitted).  When analyzing a complaint for

8   failure to state a claim, all factual allegations are taken as true and construed in the light most

9   favorable to the nonmoving party.  *Iolab Corp. v. Seaboard Sur. Co.*, 15 F.3d 1500, 1504

10  (9th Cir. 1994).  All reasonable inferences are to be drawn in favor of the plaintiff. *Jacobsen*

11  *v. Hughes Aircraft*, 105 F.3d 1288, 1296 (9th Cir. 1997).  "If a complaint is accompanied by

12  attached documents, the court is not limited by the allegations contained in the complaint.

13  These documents are part of the complaint and may be considered in determining whether

14  the plaintiff can prove any set of facts in support of the claim." *Durning v. First Boston*

15  *Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

16  When the complaint is dismissed for failure to state a claim, "leave to amend should

17  be granted unless the court determines that the allegation of other facts consistent with the

18  challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-*

19  *Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (citations omitted).  Leave to amend

20  is properly denied "where the amendment would be futile." *DeSoto v. Yellow Freight Sys.*,

21  957 F.2d 655, 658 (9th Cir. 1992) (citations omitted).

22  **III.   Analysis**

23  **A.    Subject Matter Jurisdiction**

24  The court first addresses Defendants' argument that, under 17 U.S.C. § 411, Societe's

25  fraudulent copyright registration precludes subject matter jurisdiction over the instant action.

26  Whether an action arises under federal copyright law, and hence confers subject matter

27  jurisdiction, is determined "by reference to the well-pleaded complaint rule." *Vestron, Inc.*

28  *v. Home Box Office Inc.*, 839 F.2d 1380, 1381 (9th Cir. 1988).  Jurisdiction exists over a

1  copyright infringement claim "if and only if the complaint is for a remedy expressly granted

2  by the [Copyright] Act . . . or asserts a claim requiring construction of the Act . . . or, at the

3  very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act

4  requires that federal principles control the disposition of the claim." *Id.*

5  Applying *Vestron*, the court finds that subject matter jurisdiction exists. The

6  Amended Complaint seeks the impoundment of the allegedly infringing sculpture, Doc. # 12

7  at ¶ 20; attorney's fees, *id.* at ¶ 22; and statutory damages, *id.* at ¶ A. All of these remedies

8  are "expressly granted" by the Copyright Act. *See* 17 U.S.C. §§ 503(a), 504(c), and 505.

9  The meaning and construction of the Act, moreover, will largely determine whether the

10  activity alleged in Counts I and II constitutes actionable infringement. On its face, Plaintiff's

11  Amended Complaint clearly raises questions of federal law which the court has jurisdiction

12  to adjudicate.

13  The allegedly fraudulent basis for Plaintiff's copyright registration does not destroy

14  jurisdiction. "Proper registration is a condition precedent to a suit, as required under 17

15  U.S.C. § 411(a), but the arguable failure to satisfy a condition precedent does not affect the

16  court's subject matter jurisdiction." *Batesville Servs., Inc. v. Funeral Depot, Inc.*, 2004 U.S.

17  Dist. LEXIS 24336, at *6-7 (S.D. Ind. Nov. 10, 2004). A contrary approach would operate

18  in tension with provisions in the Copyright Act that permit a plaintiff to sue even in the

19  absence of valid copyright registration. *See, e.g.*, 17 U.S.C. § 411(a) (permitting a copyright

20  applicant to sue for infringement even when her application has been refused); 17 U.S.C. §

21  411(b) (permitting plaintiffs to institute infringement actions even before they have secured

22  copyright); *see also Shady Records, Inc. v. Source Enters., Inc.*, 2004 U.S. Dist. LEXIS

23  26143, at *26 (S.D.N.Y. Dec. 30, 2004) ("[Defendants] have cited no authority suggesting

24  that the validity of [a] copyright registration[] must first be determined before the Court can

25  exercise its jurisdiction over the infringement suit, and in fact, any such argument would run

26  counter to the statutory scheme, which permits even *rejected* registration applications to

27  confer standing to sue.").

28

1   Defendants' contention that fraudulent registration precludes federal jurisdiction also

2   overlooks 17 U.S.C. § 411(a)'s separate references to the "institution" of an infringement

3   action and a court's "jurisdiction" to hear such an action. *Id.* While improper registration

4   may preclude a lawsuit in the sense that it deprives a plaintiff of a meritorious claim, it has

5   no logical effect on federal jurisdiction, since, regardless of the merits of the plaintiff's claim,

6   that claim may still "arise under" the subject matter of the Copyright Act. Defendants'

7   contrary position conflates the meaning of two separately employed terms and ignores the

8   rule of statutory construction that different words appearing in the same statute

9   presumptively have different meanings. *See Boise Cascade Corp. v. EPA*, 942 F.2d 1427,

10   1432 (9th Cir. 1991).

11   The cases cited by Defendants fail to support their position. *Urantia Foundation v.*

12   *Maaherra*, 114 F.3d 955, 963 (9th Cir. 1997), and *Express, LLC v. Fetish Group, Inc.*, 424

13   F. Supp. 2d 1211, 1222 (C.D. Cal. 2006), merely explain that defective registration precludes

14   successful infringement actions. Neither case holds or even implies that valid registration

15   is a prerequisite to subject matter jurisdiction, or that the court's subject matter jurisdiction

16   hinges on a plaintiff's individual ability to bring suit.

17   *Morgan, Inc. v. White Rock Distilleries, Inc.*, 230 F. Supp. 2d 104 (D. Me. 2002),

18   *Jefferson Airplane v. Berkeley Sys., Inc.*, 886 F. Supp. 713 (N.D. Cal. 1994), and *Foraste v.*

19   *Brown University*, 248 F. Supp. 2d 71 (D.R.I. 2003), are similarly unhelpful. In *Morgan*, the

20   court dismissed the plaintiff's infringement action because he never actually alleged a valid

21   copyright registration in his own complaint. *Id.* at 109. Plaintiff, by contrast, has alleged

22   valid registration. *See* Doc. # 12 at ¶¶ 8-10. In *Jefferson Airplane*, the court lacked

23   jurisdiction solely because the plaintiff failed altogether to register its disputed work, not

24   because a submitted registration was allegedly fraudulent or otherwise invalid. Unlike the

25   plaintiff in *Jefferson Airplane*, Plaintiff Societe has submitted an application for registration

26   that expressly describes the disputed work. *See* Doc. # 12 at Exhibit 1. Finally, in *Foraste*,

27   the court stated that registration is a "condition precedent and a jurisdictional prerequisite,"

28   248 F. Supp. 2d at 76, but it ultimately concluded that registration occurs "on the day the

1    Copyright Office receives all of the necessary application materials," *id.* at 77.  Under this

2    approach, registration of Plaintiff's copyright has already occurred for jurisdictional purposes

3    because Plaintiff submitted all of the requisite materials, *see* Doc. # 12 at Exhibit 1, and

4    *Foraste* does not make jurisdiction contingent upon the ultimate validity of the application,

5    *see* 248 F. Supp. 2d at 77 n.10 (concurring with the view that a pending application for

6    registration is sufficient to confer federal jurisdiction).

7         Subject matter jurisdiction therefore exists.  Defendants' Motion to Dismiss under

8    Rule 12(b)(1) will be denied.

9         **B.    Sufficiency of Plaintiff's Claims Under Rule 12(b)(6)**

10        Defendants argue that the Amended Complaint should be dismissed under Federal

11   Rule of Civil Procedure 12(b)(6) because it fails to allege sufficient facts in support of

12   Plaintiff's claims for contributory and vicarious copyright infringement.

13        On a motion to dismiss under Rule 12(b)(6), the court "must apply the notice pleading

14   requirements of [Federal Rule of Civil Procedure] 8(a)(2)." *Gionorio v. Gomez*, 322 F. Supp.

15   2d 153, 159 (D.P.R. 2004); *see also Segal Co. v. Amazon.com*, 280 F. Supp. 2d 1229, 1232

16   (W.D. Wash. 2003).  Rule 8(a)(2) requires that a complaint contain "a short and plain

17   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

18   Complaints are construed liberally in deciding whether Rule 8(a)(2) has been satisfied.  *See*

19   Fed. R. Civ. P. 8(f); *Yamaguchi v. United States*, 109 F.3d 1475, 1480 (9th Cir. 1997).  Thus,

20   there is no requirement that the plaintiff plead facts establishing a prima facie case.  *See id.*

21   at 1481 ("Our system of notice pleading 'does not require a claimant to set out in detail the

22   facts upon which he bases his claim.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

23   Whether the factual allegations in the complaint are sufficient hinges instead on whether they

24   provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon

25   which it rests." *Conley*, 355 U.S. at 47.

26        *Castillo v. Norton*, 219 F.R.D. 155 (D. Ariz. 2003), illustrates how the Rule is to be

27   applied.  In that case, a federal employee brought suit against the Department of the Interior

28   for unlawful discrimination under Title VII.  The defendant moved to dismiss for failure to

1    satisfy the pleading requirements of Rule 8(a)(2). The court, however, denied the defendant's

2    motion.   While recognizing that the plaintiff put forth only "general" allegations of

3    discrimination and failed to allege who, when, and where the discrimination occurred, *id.* at

4    158, the court found that the complaint clearly stated the cause of action and was therefore

5    sufficient under Rule 8(a), *id.* at 163-64. Crucial to the court's holding was the fact that the

6    complaint provided sufficient information for the defendant to "answer the charges and

7    initiate a defense." *Id.* at 164.

8        The court now assesses Counts I and II in light of these principles.

9                    **1.    Count I:  Contributory Infringement**

10       Contributory copyright infringement occurs when "[o]ne who, with knowledge of [an]

11   infringing activity, induces, causes or materially contributes to the infringing conduct *of*

12   *another*." *Ellison v. Robertson*, 357 F.3d 1072, 1078 (9th Cir. 2004). The first requirement

13   of knowledge is satisfied when the defendant has either "actual knowledge" or "reason to

14   know" of direct infringement. *Id.* The second requirement of material contribution may be

15   satisfied by a defendant's "provision of site and facilities for infringement followed by a

16   failure to stop specific instances of infringement once knowledge of those infringements is

17   acquired." *MGM Studios, Inc. v. Grokster Ltd.*, 380 F.3d 1154, 1163 (9th Cir. 2004), *vacated*

18   *on other grounds*, 125 S. Ct. 2764 (2005).

19       The Amended Complaint's allegation of contributory copyright infringement by

20   International Foundation does not survive the Motion to Dismiss. Count I identifies the

21   cause of action and applies each element of that cause of action to International Foundation's

22   conduct.  To satisfy the requirement of knowledge, Plaintiff alleges that "International

23   Foundation knew or should have known that displaying, selling, and related activities would

24   infringe the rights of the holder of the copyrights to the Renoir-Guino sculptures." Doc. #12

25   at ¶ 12.  To satisfy the requirement of material contribution, Plaintiff alleges that

26   "International Foundation materially contributed to the infringement of [Plaintiff's]

27   copyrights by permitting the display and sale of several infringing replicas of the Guino-

28   Renoir sculptures at its 'Jewels of the Sea' Ball in October of 2003." Doc. # 12 at ¶ 12.

1    However, at oral argument, Plaintiff explained that, despite the conclusory language

2  of the Amended Complaint, Count I is not based on an allegation that International

3  Foundation had actual knowledge of Beseder, Inc.'s direct infringement.  Rather, Count I

4  relies exclusively on the allegation that International Foundation should have known of the

5  direct infringement.  The basis for this allegation, Plaintiff further explained, is the media

6  coverage about Plaintiff's separate lawsuit against Beseder, Inc.

7    As Plaintiff frames the allegations, Count I fails to state a claim upon which relief may

8  be granted.  No case has held that the knowledge requirement for contributory liability may

9  be satisfied by the mere existence of public information about a possible direct infringement.

10  Rather, where it has been found that the defendant "should have known" of a direct

11  infringement, it has been because the defendant disregarded known evidence of an obvious

12  direct infringement.  In *Ellison*, for example, the defendant internet service provider "should

13  have known" of a direct infringement occurring on its server because (1) it failed to update

14  an email address previously used by customers to notify it of such infringements, and (2) a

15  subscriber telephoned the defendant to report the existence of unauthorized copies of works

16  on its server.  *See* 357 F.3d at 1077.

17    Plaintiff's allegations, as clarified at oral argument, fall far short of the circumstances

18  that justified liability in *Ellison*.  Media coverage concerning an obscure copyright lawsuit

19  in which International Foundation was not a party provides no basis for concluding that the

20  Foundation should have known about a direct infringement.  At the time of the ball in

21  October 2003, it was not clear that Beseder, Inc. was directly liable, and the Foundation had

22  no reason to assume Beseder's liability simply because Plaintiff had initiated an action

23  against that company.  Moreover, Defendant is an organization focused on advancing anti-

24  cancer programs; it has little reason to follow news concerning copyright litigation.  Count

25  I will be dismissed.  Plaintiff will be granted leave to amend and, if possible, allege facts in

26  support of its claim.

27

28

**2.      Count II:  Vicarious Infringement**

A defendant is vicariously liable for copyright infringement "if he [1] enjoys a direct financial benefit from *another's* infringing activity and [2] 'has the right and ability to supervise' the infringing activity."  *Ellison*, 357 F.3d at 1076 (quoting *A&M Records v. Napster, Inc.*, 239 F.3d 1004, 1022 (9th Cir. 2001)).  "The essential aspect of the 'direct financial benefit' inquiry is whether there is a causal relationship between the infringing activity and any financial benefit a defendant reaps, regardless of *how substantial* the benefit is in proportion to a defendant's overall profits."  *Id.* at 1079.

Even under the lenient test articulated in *Ellison*, Count II of the Amended Complaint does not contain sufficient allegations to survive the Motion to Dismiss with respect to either Defendant International Foundation or Defendant Horn.  Plaintiff clearly avers that Horn and International Foundation both enjoyed a direct financial benefit as a result of the sale of "at least one bronze replica on display at the 'Jewels of the Sea' Ball in October 2003."  *See* Doc. #12 at ¶¶ 14-15.  Count II nevertheless fails in two respects.

First, Count II does not sufficiently allege that Defendants had the right and ability to supervise the activity of Beseder, Inc., the allegedly directly infringing entity.  The Amended Complaint never mentions anything about the supervisory authority of International Foundation.  Moreover, while Plaintiff alleges that Horn had the ability to "supervise International Foundation's activities," Doc. # 12 at ¶ 14, the right to supervision necessary to sustain a claim of vicarious infringement must exist between the vicariously infringing defendant and the direct infringer, not between two defendants that are at best secondarily liable.  *See Grokster Ltd.*, 380 F.3d at 1164 (explaining that the "right and ability to supervise" describes the relationship "between the defendant and the direct infringer").  Because Plaintiff never alleges that International Foundation is directly liable for copyright infringement, Horn's ability to supervise International Foundation cannot support a claim of vicarious infringement against her.

Second, Count II fails because Plaintiff's allegation of direct financial benefit to Horn as a result of the infringing sale is no more than a bare legal conclusion.  "[C]onclusory

1    allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."

2    *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Financial benefit is

3    defined broadly in the context of vicarious infringement, *see Fonovisa, Inc. v. Cherry*

4    *Auction, Inc.*, 76 F.3d 259, 263 (9th Cir. 1996) (explaining that financial benefit may exist

5    where infringing activity "enhances the attractiveness" of a defendant's venue to third

6    parties), but Plaintiff's claim against Horn is both unsupported by a single factual allegation

7    and on its face contrary to the allegation that "International Foundation received

8    compensation" for the infringing sale, Doc. # 12 at ¶ 15. Plaintiff even conceded at oral

9    argument that the direct infringement did not affect Horn's income or otherwise confer upon

10   her a cognizable financial benefit.

11          Plaintiff argues in its Brief of Supplemental Memorandum of Points and Authorities

12   that a corporate officer's salary may constitute a "direct financial benefit" sufficient to trigger

13   vicarious liability. However, the Amended Complaint does not even allege that Horn

14   receives a salary from International Foundation. Moreover, even if Plaintiff were to allege

15   such a benefit, none of the cited cases establish that an executive salary unaffected by a

16   company's infringing activity can alone satisfy the requirement of direct financial benefit.

17   In *Meadowgreen Music Co. v. Voice in the Wilderness Broadcasting, Inc.*, 789 F. Supp. 823

18   (E.D. Tex. 1992), for example, the company president received a salary from the directly

19   infringing defendant and owned all of its outstanding stock. *Id.* at 826. It was only an

20   aggregation of these assets that warranted a finding of direct financial benefit. *Id.* Likewise,

21   in *Symantec Corp. v. CD Micro, Inc.*, 286 F. Supp. 2d 1265 (D. Ore. 2003), the corporate officer

22   was found vicariously liable, but only because he both received a salary and owned a

23   majority of the infringing company's stock. *Id.* at 1275. It does not appear on the face of

24   the Amended Complaint that Horn has received similar benefits.

25          For these reasons, Count II will be dismissed with respect to both Defendant Horn and

26   Defendant International Foundation. Plaintiff will be granted leave to amend.

27          By separate order filed herewith, Count III for impoundment will be dismissed with

28   prejudice for failure to state a claim upon which relief may be granted.

1    **IV.    Order to Show Cause**

2         The court takes judicial notice that in other proceedings on November 2, 2006, in Case

3    No. CV 03-1310-PHX-MHM, Plaintiff obtained a verdict against Beseder, Inc., in the

4    amount of $5,000.00 for copyright infringement in connection with the same reproduction

5    and sale of "La Laveuse" that is the basis of this action against these Defendants.  That

6    verdict will be reduced to judgment and will be either (1) paid, (2) appealed, superseded,

7    affirmed, and paid out of the supersedeas bond, or (3) appealed and reversed based on

8    Beseder's contention of invalidity of the copyright.  In short, either the copyright will be

9    found invalid or the adjudication of $5,000.00 liability against Beseder will be paid.

10        It appears that the adjudication of damages against one of several persons allegedly

11   jointly and severally liable for the same liability may preclude further proceedings to seek

12   a higher damage adjudication or multiple recovery against other persons for the same

13   damage.  Therefore, if Plaintiff elects to file an amended complaint as permitted by this

14   order, the court will call for briefing on why the amended complaint and this action should

15   not be dismissed as precluded by the adjudication in Case No. CV 03-1310-PHX-MHM and

16   the certainty that that judgment has been or will be paid by Beseder, if affirmed, or the

17   copyright invalidated.

18        IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. #13) is

19   GRANTED.

20        IT IS FURTHER ORDERED that Count III of Plaintiff's complaint is dismissed with

21   prejudice and that Counts I and II of Plaintiff's complaint are dismissed with leave to amend

22   by November 17, 2006.  If Plaintiff elects not to file an amended complaint, this action will

23   be dismissed with prejudice for failure to state a claim upon which relief can be granted.

24        IT IS FURTHER ORDERED that, if Plaintiff files an amended complaint as permitted

25   by this order, Plaintiff show cause by November 17, 2006, why the amended complaint and

26   this action should not be dismissed as precluded by the adjudication in Case No. CV 03-

27   1310-PHX-MHM.  Defendants may file a response to Plaintiff's memorandum, which may

28   be joined with any other motion Defendants wish to file, by December 7, 2006.

1     IT IS FURTHER ORDERED that Plaintiff's Motion for Rehearing (Docs. # 22 and

2  24) is DENIED.

3     DATED this 3^(rd) day of November 2006.

4

5  _____

6             Neil V. Wake
       United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28